UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marcus Bowman, Jr., #235986,<br>        Petitioner,<br><br>vs.<br><br>Warden, Kirkland Correctional Institution,<br>        Respondent. | ) C/A No. 4:25-5208-RMG-TER<br>)<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>) |

  Petitioner, proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2254[1] for habeas relief. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. The Petition is subject to dismissal because it is successive and presented without an order from the Fourth Circuit Court of Appeals authorizing this Court to consider a successive petition.

### DISCUSSION

  Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings and motion to proceed *in forma pauperis* pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and

---

[1] Petitioner originally submitted this action on a § 2241 form, but as a state prisoner, the Petition is one under § 2254; Petitioner later submitted the Petition on a § 2254 form. (ECF No. 1-3).

*Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  The Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*); *Cruz v. Beto*, 405 U.S. 319 (1972).  Even under this less stringent standard, the petition is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Department of Social Services*, 901 F.2d 387, 390-91 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts.  Following the required initial review, it is recommended that the Petition submitted in this case should be summarily dismissed due to being successive.

With respect to Petitioner's convictions and sentences, Petitioner's sole federal remedies are a writ of habeas corpus under either 28 U.S.C. § 2254 or 28 U.S.C. § 2241, which remedies can be sought only after the Petitioner has exhausted his state court remedies.

Petitioner has filed a previous § 2254 petition in this Court challenging the same conviction and sentence challenged herein: 1996 murder conviction out of Charleston County. (ECF No. 1-3 at 1); *Bowman v. Cartledge*, No. 3:09-2014-MBS.  This Court may take judicial notice of filings in Petitioner's prior § 2254 case, including the Order adopting the Report and Recommendation and granting summary judgment in favor of the respondent.  The instant Petition is therefore successive, and is subject to summary dismissal.

The standard for determining whether a petition is successive appears in *Slack v. McDaniel*,

529 U.S. 473, 485-89 (2000). A successive habeas petition cannot be filed without first obtaining pre-filing authorization from the court of appeals. 28 U.S.C. 2244(b)(3)(A); *In re Williams*, 444 F.3d 233, 235 (4th Cir. 2006). To be considered successive, the second habeas petition must be the second attack of the same conviction and the first habeas petition must have been finally adjudicated on the merits. *See Williams*, 444 F.3d at 236. A summary judgment grant in favor of respondent is considered an adjudication on the merits. *See White v. U.S.*, 53 F. Supp. 3d 830, 834 (D.S.C. 2014). Because the instant Petition is the second attack of the same conviction and the first petition's adjudication is considered to be on the merits, the instant Petition is successive. Therefore, since Petitioner did not first[2] obtain permission from the Fourth Circuit Court of Appeals to file this successive § 2254 Petition, this court does not have jurisdiction over Petitioner's instant Petition, and thus, the Petition is subject to summary dismissal.

## RECOMMENDATION

Accordingly, it is recommended that the § 2254 Petition in this case be dismissed *without prejudice and without requiring the respondent to file a return*, as successive and unauthorized.

**IT IS SO ORDERED**.

August 7, 2025  
Florence, South Carolina

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

**Petitioner's attention is directed to the important notice on the next page**.

---

[2] A review of public records of the Fourth Circuit show that there has been no grant of permission to file a successive § 2254 from the Fourth Circuit Court of Appeals. There is no order from the Fourth Circuit Court of Appeals authorizing this Court to consider a successive petition from Petitioner.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).