# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marcus Bowman, Jr., #235986,<br><br>    Petitioner,<br>    v.<br><br>Warden, Kirkland Correctional Institution.<br><br>    Respondent. | Case No. 4:25-5208-RMG<br><br>**ORDER** |

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge recommending that Petitioner's habeas petition brought pursuant to 28 U.S.C. § 2254 be dismissed as a second and successive habeas petition because Petitioner did not first obtain the authorization of the Fourth Circuit Court of Appeals to file a successive petition as required by 28 U.S.C. § 2244(b)(3)(A). (Dkt. No. 18). Petitioner was given notice that he had 14 days from the date of the R & R to file any objections, which, with three additional days for mailing, required the filing of objections on or before August 24, 2025. No objections have been received by the Court.

## I.    Background

Petitioner is an inmate at the South Carolina Department of Corrections who is serving a life sentence for murder which occurred in October 1995. Petitioner previously filed a petition for habeas relief regarding his murder conviction in 2009, which was denied by way of summary judgment. *Bowman v. Cartledge*, C.A. No. 3:09-2014, Dkt. No. 17 (D.S.C. 2010). The present habeas petition challenges the same murder conviction. Prior to filing the present petition, Petitioner failed to obtain authorization from the United States Court of Appeals to file a successive petition.

1

II.     **Legal Standards**

   A. **Magistrate's Report and Recommendation**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

   B. **Pro Se Pleadings**

This Court liberally construes complaints filed by pro se litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the

Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

III. **Discussion**

The Court finds that the Magistrate Judge ably summarized the factual and legal issues in this matter and correctly concluded that Petitioner's petition is subject to summary dismissal because it is a successive habeas petition and he failed to first obtain authorization from the Fourth Circuit Court of Appeals to file a successive petition.

**Conclusion**

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 18) as the Order of the Court and **DISMISSES** the petition.

**AND IT IS SO ORDERED.**

    s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

August 26, 2025
Charleston, South Carolina

3